DECISION
This matter is presently before the Court for decision on Defendant's motion to dismiss the within Information (charging him with possession of child pornography) on the grounds that:
 1. Section 11-9-1.3 of the Rhode Island General Laws is unconstitutionally overbroad in violation of the First and Fourteenth Amendments to the United States Constitution;
 2. A similar federal statute criminalizing possession of child pornography was declared unconstitutional in Ashcroft v. The Free Speech Coalition, 535 U.S. 234 (2002); and
 3. The State's burden shifting to the Defendant in the form of an affirmative defense does not sure the constitutional infirmity of § 11-9-1.3.
 FACTS TRAVEL
According to the police narrative contained in the Information package, the investigation of the Defendant, Darrell Coriander (hereinafter, "Defendant"), was precipitated by an "anonymous telephone call about a Newport resident possibly in possession of Child Pornography." Although the "tip" was recorded on December 13, 2006, *Page 2 
the actual police intervention occurred on February 7, 2007 when a friend of Defendant, Robert Partridge, admitted to the possession of child pornography and informed the police that "many of the pornographic images of children on his computer were uploaded and downloaded by the Defendant" the previous evening. (State Mem. 1-2.)
When confronted by the police later that day, the Defendant "admitted that he was friends with Partridge . . . [and] further admitted that he was in possession of a 64 [MB] thumb `jump' drive with pornographic images of children." A forensic inspection of the Defendant's computer in May 2008 yielded "75 to 100 images which depicted infants prepubescent boys girls engaged in sexual intercourse and other sexual activities. . . ." (State Mem. 2.) The Defendant disputes the number of images and contends that these images "had not been saved to any files" and "existed in the hard driver [sic] internal memory from previous sites visited on the internet." (Def. Mem. 2.) According to the Defendant, "there was no way he could have pulled up images that remained in the computer's internal memory without forensic expertise."Id. He further asserts that there is "no evidence that the 16 images on the thumb `jump' drive are in fact real children."Id.
 ANALYSIS
The Defendant contends that the challenged statute impermissibly criminalizes, in violation of the First Amendment, "virtual child pornography," i.e., computer-generated images appearing to depict minor children engaged in sexually explicit conduct. (Def. Mem. 2.) He additionally complains that the statute impermissibly allocates the burden *Page 3 
of proof to the accused by requiring the Defendant to prove that certain material he or she may possess are not "real" child pornography. Id. The State counters that § 11-9-1.3 "does not prohibit virtual child pornography but does proscribe computer-generated images involving actual minors like those created by computer morphing." (State Mem. 9.)
The pertinent portion of the statute in controversy provides as follows:
 "`Child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where:
 (i) The production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
 (ii) Such visual depiction is a digital image, computer image, or computer-generated image of a minor engaging in sexually explicit conduct; or
 (iii) Such visual depiction has been created, adapted, or modified to display an identifiable minor engaging in sexually explicit conduct." Section 11-9-1.3(c)(1).
The Defendant contends that the within case's outcome should be "controlled" by the "reasoning and holding" of the United States Supreme Court in Ashcroft v. The FreeSpeech Coalition, leading this Court to a declaration that the Rhode Island Statute is unconstitutionally overbroad. (Def. Mem. 4.)
In The Free Speech Coalition, the challenged portion of the Child Pornography Prevention Act of 1996 (hereinafter, "CPPA"), 18 U.S.C. § 2251 et seq. (2002), expanded the federal prohibition on child pornography beyond pornographic images made using *Page 4 
actual children. See 18 U.S.C. § 2256(8)(A) (2002); seealso The Free Speech Coalition, 535 U.S. at 239. The CPPA also banned "any visual depiction, including any photographic, film, video, picture, computer or computer-generated image or picture . . . that is, or appears to be, of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B) (2002) (emphasis added); seealso The Free Speech Coalition, 535 U.S. at 239-40. Further, the CPPA proscribed any sexually explicit image that is "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" that it depicts "a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(D) (2002) (emphasis added); seealso The Free Speech Coalition, 535 U.S. at 239-40. The objectionable language in the CPPA which rendered the statute infirm were the phrases "appears to be" and "conveys the impression" because they conceivably criminalized possession of "sexually explicit films which contain no youthful actors but [are] packaged to suggest a prohibited movie. Possession is a crime even when the possessor knows the movie was mislabeled." The Free SpeechCoalition, 535 U.S. at 258.
The Supreme Court did not consider 18 U.S.C. § 2256(8)(C) of the CPPA in The Free Speech Coalition, which "prohibits a more common and lower technological means of creating virtual images known as computer morphing." The Free Speech Coalition,535 U.S. at 242. The Supreme Court noted that "rather than creating original images, pornographers can alter innocent pictures of real children so that the children appear to be engaged in sexual activity. Although morphed images may fall within the definition of *Page 5 
virtual child pornography, they implicate the interests of real children and are in that sense closer to the images in [New York v.] Ferber[, 458 U.S. 747 (1982)]." Id.
In Ferber, the Supreme Court upheld as constitutional a New York statute which "prohibits persons from knowingly promoting a sexual performance by a child under the age of 16 by distributing material which depicts such a performance." 458 U.S. at 749. The court noted:
 "The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.[] Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled." Id. at 759 (footnote omitted).
The Rhode Island statute clearly and unambiguously requires as the initial element of the crime that the production of the offending visual depiction involve "the use of a minor engaging in sexually explicit conduct." Section 11-9-1.3(c)(1)(i). A minor in Rhode Island is statutorily categorized as any person who has not yet attained the age of eighteen (18) years. G.L. 1956 § 15-12-1(a).
It is elemental that the State must prove beyond a reasonable doubt that the visual depiction possessed by an accused involves "the use of a real child." This Court recognizes that "[t]he federal prohibition against child pornography cannot extend to images that do not depict an actual child without running afoul of theFirst Amendment." U.S. v. Wilder,526 F.3d 1, 12 (1st Cir. 2008) (Stahl, J., concurring in the judgment) (citing The Free Speech Coalition, supra). "Thus, `in order to establish guilt,' the *Page 6 
government `must prove beyond a reasonable doubt' that the images providing the basis for a child pornography prosecution depict real, as opposed to virtual, children." Id.
(Stahl, J., concurring in the judgment) (citingU.S. v. Rodriguez-Pacheco, 475 F.3d 434, 439 (1st Cir. 2007)). The First Circuit Court of Appeals held that the "question of whether or not a particular image is of a virtual child or a real child is an issue of fact, to be determined by the trier of fact."Id. at 11 (quoting Rodriquez-Pacheco, 475 F.3d at 438).
It is true, as the Defendant points out, that the decision inThe Free Speech Coalition contained a warning that "[t]he Government raises serious constitutional difficulties by seeking to impose on the defendant the burden of proving his speech is not unlawful. . . . [T]he evidentiary burden is not trivial. Where the defendant is not the producer of the work, he may have no way of establishing the identity, or even the existence, of the actors."535 U.S. at 255. The First Circuit has noted that it has emphasized that "[t]he burden of proof remains on the government to prove the pornographic image is of a real child." Rodriguez-Pacheco,475 F.3d at 444; see also U.S. v. Hilton,386 F.3d 13, 18 (1st Cir. 2004) ("It bears repeating that the government is not released from its burden of proof by a defendant's failure to argue, or by an absence of evidence otherwise suggesting, the artificiality of the children portrayed. That the children in the images are real amounts to an element of the crime which the government must prove, the burden of which should not be displaced to the defendant as an affirmative defense."); Wilder,526 F.3d at 13 (Stahl, J., concurring in the judgment). *Page 7 
The present view of the First Circuit is that there is no "inconsistency" between the government's having the burden of proof at all times and allowing "the defendant, while under no obligation to do so" to present "evidence of his own suggesting that [a] picture used [something] other than real subjects" (e.g., by utilizing an expert to opine about how the offending depiction "could have been made without using real children."). Rodriguez-Pacheco, 475 F.3d at 444 (quotingU.S. v. Nolan, 818 F.2d 1015, 1020 (1st Cir. 1987)) (internal quotations omitted). The Rodriguez-Pacheco court emphatically stated that "[t]his does not shift the burden of proof." Id.
 CONCLUSION
Based on the foregoing reasoning and applicable case law, this Court concludes that Section 11-9-1.3 of the Rhode Island General Laws is not unconstitutionally overbroad or otherwise infirm due to an impermissible shifting of the burden of proof to the Defendant.
Counsel shall prepare an order in conformance with this Decision.